**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROHAN HOPE | : | |
| | : | |
| Petitioner, | : | 3:26-cv-1936 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| JESSICA SAGE, WARDEN, | : | |
| FCI LEWISBURG, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

**I.     BACKGROUND**

Petitioner Rohan Hope ("Petitioner"), a citizen of Jamaica residing in the United States in 2012, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondent Jessica Sage, Warden of FCI Lewisburg, and John Rife, Philadelphia Field Office Director, ICE. (*Id.*, ¶¶ 21-22).

In the petition, Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a)(6) because his detention has exceeded six months and his removal to Jamaica or "an unspecified third country" is significantly unlikely in the reasonably foreseeable future. (*Id.*, ¶¶ 33-38). Respondents oppose the petition. (Doc. 4). For the reasons that follow, the Court will grant the petition.

Petitioner is a "long-term resident of the United States who has lived here since entering the United States in January 2012, while fleeing persecution in Jamaica." (Doc. 1, ¶ 1). On September 24, 2015, Petitioner was arrested by Homeland Security Investigations and charged with Making False Claims to U.S. Citizenship, in violation of 18 U.S.C. § 1015(e), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 4-2 at 3). Petitioner was convicted on both counts in the United States District Court for the Southern District of Florida and sentenced to a term of imprisonment of 60 months. (*Id.*).

On August 8, 2019, ICE served Petitioner with a Notice to Appear "charging him as removable under four separate sections" of the Immigration and Nationality Act. (Doc. 4 at 2). On May 19, 2020, an immigration judge ("IJ") ordered Petitioner removed and granted Petitioner's deferral of removal to Jamaica under the Convention Against Torture ("CAT") "determining that he suffered past persecution in Jamaica and concluding that he faces a clear probability of future torture or death if returned there." (*Id.*, ¶ 2). "Subsequent to being awarded CAT protection, Petitioner was detained for ninety (90) days pursuant to 8 U.S.C. § 1231(a)(6). Petitioner was released after the ninety-day period expired, implicitly recognizing that his removal was not reasonably foreseeable." (*Id.*, ¶ 3). Petitioner has "lived in the community with his two U.S. citizen children for over five (5) years under supervision without any further detention until ICE abruptly re-detained him on November 25, 2025." (*Id.*). Petitioner has remained detained pursuant to 8 U.S.C. § 1231(a)(6) since.

2

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).  It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

In the petition, Petitioner alleges that his detention has exceeded six months and his removal to Jamaica or a "an unspecified third country" is significantly unlikely in the reasonably foreseeable future.[1]   Respondents oppose the petition, claiming that the petition should be dismissed because:  "1) ICE is authorized to detain and deport Petitioner; 2) the duration of Petitioner's detention pursuant to 8 U.S.C. § 1231 remains presumptively reasonable and his request for release is premature; and 3) ICE is complying with Post Order Custody Review regulations that courts have found to satisfy Due Process concerns." (Doc. 4 at 1).

### Section 1231(a) and *Zadvydas*

8 U.S.C. § 1231(a) "governs the detention, release, and removal of individuals ordered removed." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022).  "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-

---

[1]      Although not raised by either party, the Court has jurisdiction to consider the issues raised in the petition. *See Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement do not "arise from" removal proceedings and can be addressed by district courts); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (declining to interpret 8 U.S.C. § 1252(b)(9) in an "extreme way that would also make claims of prolonged detention effectively unreviewable").  Nor does 8 U.S.C. § 1252(g) bar this Court's jurisdiction because Petitioner is not asking this Court to stay the execution of his removal order. *Tazu v. Att'y Gen., United States*, 975 F.3d 292, 296-98 (3d Cir. 2020).  Rather, Petitioner brings a detention specific claim seeking to remedy his alleged unlawful executive detention by asserting that his removal to Jamaica or an unspecified third country is not significantly likely in the reasonably foreseeable future and, as such, his detention is no longer authorized by 8 U.S.C. § 1231(a)(6).  Moreover, Petitioner is not required to exhaust his administrative remedies. *See Jaleel v. Sage*, 2026 WL 1234846, at *2 (M.D. Pa. May 5, 2026) (exhaustion of administrative remedies "would be pointless" where petitioner "is detained under 8 U.S.C. § 1231, which precludes immigration judges from holding a bond hearing").

day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The statute provides that the Government 'shall' detain noncitizens during the statutory removal period." *Arteaga-Martinez*, 596 U.S. at 578; *see also Guzman Chavez*, 594 U.S. at 528 ("During the removal period, detention is mandatory.")

"After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specific grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal." *Arteaga-Martinez*, 596 U.S. at 578-79 (citing 8 U.S.C. § 1231(a)(6)). "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579.

In *Zadvydas* the Supreme Court found that a statute "permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. To avoid those concerns, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also Clark v. Martinez*, 543 U.S. 371, 384 (2005) (clarifying *Zadvydas* and noting that the "the statute should be read (in line with the other plausible reading) to authorize detention *only for a period consistent with the purpose of effectuating removal*.") (emphasis added). Detention for up to six months after a final order of removal is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

The expiration of the six-month period "does not mean that every alien not removed must be released after six months." *Id.* Rather, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Accordingly, a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[2] *Id.* However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

## Petitioner Satisfied His Burden

Petitioner's presumptively reasonable six-month period of detention under Section 1231(a)(6) has run. *Zadvydas*, 533 U.S. at 701. He has been detained for over eight months while the Government has attempted to effectuate his removal to an unspecified third country. As such, the Court finds that Petitioner's detention under 8 U.S.C. § 1231(a)(6) has become unreasonably prolonged.

The Court further finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner has

---

[2]    In addition, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Att'y Gen. United States.*, 495 Fed. App'x 274, 276-77 (3d Cir. 2012) (non-precedential).

been subject to a final order of removal since May 19, 2020.  For the past six years the Government has been unable to obtain travel documents to effectuate Petitioner's removal from the United States.  Under these circumstances, the Court finds that Petitioner has provided good reasons to believe his removal is significantly unlikely in the reasonably foreseeable future.  *See Mohmand v. Sage*, 2026 WL 1859350, at *3 (M.D. Pa. June 20, 2026) ("Mohmand has shown good reason to believe that his removal is unlikely to occur in the reasonably foreseeable future because the government has been attempting to remove him to Afghanistan since 2009 and has been unable to do so"); *see also Karagapolov v. Oddo*, 2026 WL 1413057, at *3 (W.D. Pa. May 20, 2026) (petitioner showing that the government has tried and failed for years to obtain travel documents "is more than adequate to shift the burden to Respondents to rebut Petitioner's showing that his removal is not reasonably foreseeable.").  The burden now shifts to Respondents.

**Respondents Fails to Rebut Petitioner's Showing**.

Having met his initial burden, the burden shifts to the Respondents to rebut Petitioner's showing that his removal is significantly unlikely in the reasonably foreseeable future.  Respondents submitted the declaration of Matthew Felton under penalty of perjury and in accordance with 28 U.S.C. § 1746.  (Doc. 4-3).  Mr. Felton is a Deportation Officer for ICE, Enforcement and Removal Operations ("ERO"), and is "assigned to the ERO detained docket" at FCI Lewisburg.  (*Id.*, ¶¶ 1-2).  After recounting Petitioner's criminal and immigration history, Mr. Felton states Petitioner was served with a Notice of Third County

Removal on February 4, 2026.  (*Id.*, ¶ 20).  Petitioner claimed fear of third country removal to Mexico and on February 12, 2026, "USCIS denied his Mexico-based fear claim."  (*Id.*, ¶¶ 20, 22).  Mr. Felton states that "[o]n February 17, 2026, Petitioner was added to the awaiting flight list" for removal to Mexico but was removed "as Mexico is no longer accepting citizens or nationals of Jamaica."  (*Id.*, ¶ 24).  "ERO is actively seeking acceptance for removal to a third country other than Mexico."  (*Id.*).  Mr. Felton also claims that "ICE has had recent success with removing Jamaican nationals who were granted withholding to third countries, as such, there exists a substantial likelihood of removal in the reasonably foreseeable future."  (*Id.*, ¶ 32).

The conclusory statements contained in Mr. Felton's declaration do not suffice to satisfy the Respondents' burden.  There is no credible evidence that Petitioner's removal to an unspecified third country is significantly likely in the reasonably foreseeable future, as he cannot be removed to his native Jamacia due to the IJ's CAT order and ICE can no longer remove Petitioner to Mexico.  Mr. Felton does not indicate any country where Petitioner can be removed to, and ICE does not claim to have sent any requests for Petitioner's travel documents to any unspecified third countries.  Courts in this district have found that the Government failed to satisfy its *Zadvydas* burden when it relies on vague and general assertions of the mere possibility of repatriation, without including any information specific to the petitioner, or when there is no evidence that the petitioner's travel documents were issued or even sent by ICE.  *See, e.g.*, *Yang Li v. Warden*, 2026 WL 1266248, at *6 (M.D.

Pa. May 8, 2026) (government failed to satisfy *Zadvydas* burden when it "provides no indication that the application has been sent to China or when the application will be approved"); *Nam Van Phan*, 2026 WL 1080390, at *5 ("Courts in the Third Circuit have also found that assertions from the government of a remote possibility of eventual removal is not sufficient evidence to rebut that showing.") (collecting cases).

Nor does Respondents attempt to explain why efforts to remove Petitioner from the United States for the past six years have been unsuccessful. *See Thach v. English*, 2026 WL 1109344, at *2 (N.D. Ind. Apr. 26, 2026) (granting petition where government failed to rebut showing that petitioner's removal was unlikely in the reasonably foreseeable future and the respondent "does not explain why efforts to remove Thach to Vietnam will be successful now when they were unsuccessful in 2012"). Because Respondent fails to rebut Petitioner's showing that his removal is significantly unlikely in the reasonably foreseeable future, the Court will grant Petitioner's habeas petition. Petitioner's detention under 8 U.S.C. § 1231(a)(6) has exceeded eight months consecutively and is beyond the period "reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 533 U.S. at 689.

## Habeas Remedy

As a remedy, Petitioner seeks his immediate release from custody. A noncitizen with a final order of removal may be released from custody but that release "may and should be conditioned on any of the various forms of supervised release that are

appropriate in the circumstances." *Zadvydas*, 533 U.S. at 700.  The Court will order

Respondents to release Petitioner from custody within 48 hours and to restore the

conditions of his prior Order of Supervision. *See Nam Van Phan v. Warden*, 2026 WL

1080390, at *6 (granting petition and ordering release from custody and restoration of "the

conditions of his prior supervisory release"); *see also Wazir v. Att'y Gen. U.S.*, 2026 WL

1122610, at *4 (M.D. Pa. Apr. 24, 2026) (ordering release and finding that petitioner "shall

be subject to the terms of supervision in 8 U.S.C. § 1231(a)(3) and attendant regulations").

Petitioner's request for fees and costs under the Equal Access to Justice Act will be

held in abeyance pending the receipt of a fee petition. *Michelin v. Warden Moshannon

Valey Corr. Cent.*, 169 F.4th 418 (3d Cir. 2026) (allowing fees under EAJA in immigration

habeas proceedings under 28 U.S.C. § 2241).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's habeas petition will be granted.  A separate

Order follows.

Robert D. Mariani
United States District Judge